IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOHN MERRELL,                          )
                                       )
                      Plaintiff,       )
                                       )
vs.                                    )          Case No. 05-0735-CV-W-ODS
                                       )
CONSUMER PORTFOLIO SERVICES,           )
INC.,                                  )
                                       )
                      Defendant.       )

<u>ORDER AND OPINION (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND (2) GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS</u>

1.     Plaintiff's Motion for Leave to File First Amended Complaint (Doc. # 7) is granted.
Leave to amend should be freely granted, and at this early stage of the proceedings
Defendant will not suffer any prejudice by allowing Plaintiff to amend his pleadings.  This
renders Plaintiff's Motion to Dismiss Count I (Doc. # 6) moot.[1]

2.     Defendant's Motion to Dismiss (Doc. # 4) is granted in part and denied in part.
Plaintiff's claim and his request for punitive damages are not dismissed, but his request
damages for emotional distress is dismissed.

       Plaintiff alleges he financed the purchase of a Jeep Grand Cherokee, and the
Note was eventually assigned to Defendant.  He further alleges the parties agreed to a
modification or novation whereby Plaintiff would pay $8,000 and he would be excused
from making a certain number of payments.  Instead, Defendant applied the $8,000 to
principal and insisted Plaintiff continue making monthly payments.  Plaintiff refused, and
Defendant repossessed the vehicle on March 5, 2003.  The repossession took place at

_____

       [1]Plaintiff has included a copy of his proposed First Amended Complaint in the body
of his motion, but has not included the exhibits described in his pleading.  Plaintiff should
electronically file his First Amended Complaint (with the exhibits) within ten days.

Plaintiff's home in Kansas City, Missouri. Defendant returned the vehicle to Plaintiff on December 18, 2003. This suit was filed on July 11, 2005.

Defendant first contends the claim is barred by the statute of limitations. Critical to this contention is Defendant's supposition that Kansas law governs the claim. The parties agree that the claim is time-barred if Kansas law applies and that it is not if Missouri law applies. The Court applies the choice of law rule for Missouri, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941), and Missouri courts apply the most significant relationship test embodied in the Restatement (Second) of Conflicts. Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996). Two factors strongly indicate Missouri has the most significant relationship: Plaintiff was a resident of Missouri and the vehicle was repossessed in Missouri.[2] The latter observation is of special importance, because Missouri has a greater interest than Kansas in regulating repossessions that occur within its borders.

Defendant contends the financing agreement establishes that Kansas law governs. Defendant is attributing greater breadth to these provisions than is warranted. Paragraph 10 sates the parties' agreement "will be deemed to have been made in the State of Kansas, and will be construed according to the laws of said State." However, Plaintiff is not alleging the agreement has been breached, so Paragraph 10 does not dictate Kansas law be applied. It may become necessary during the course of litigation to construe the parties' agreement, and if so Paragraph 10 indicates that process should be guided by Kansas law – but this does not mean Plaintiff's cause of action arising from events and circumstances external to the agreement is also guided by Kansas law.

Defendant also relies on Paragraph 11, which says the rights and remedies possessed by the "Secured Party in this Agreement are cumulative and not alternative and are in addition to and not in substitution of or in derogation of the rights and remedies

---

[2]Defendant is a citizen of California, and was not originally a party to the transaction and, hence, did not engage in the transaction of business with Plaintiff in Kansas.

conferred by" Kansas law. Paragraph 11 says nothing about the borrower's rights and remedies.

Defendant's next argument is that Plaintiff's claim of punitive damages should be dismissed. The Court disagrees; there is no denying that punitive damages are available, and under the standard the Court must utilize under Rule 12(b)(6), the Court cannot conclude there is no set of circumstances under which Plaintiff could recover punitive damages. See, e.g., Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Finally, Defendant contends Plaintiff's request for emotional damages must be dismissed. The Court agrees with this point. The measure of damages for conversion when the owner ultimately recovers the property is "the difference between the value of the property at the time of the conversion and the value of the property at the time of the return, plus the reasonable value for the loss of the property." Lacks v. R. Rowland & Co., 718 S.W.2d 513, 520 (Mo. Ct. App. 1986). Additional damages may be awarded if the property is of special or sentimental value to the owner (such as family heirlooms, pictures, and the like). Ladeas v. Carter, 845 S.W.2d 45, 53-54 (Mo. Ct. App. 1992). Missouri law does not allow for damages beyond the value of the property, so Plaintiff's attempt to recover for emotional or psychological injuries must fail.

In addition, the Complaint establishes Plaintiff's claim for emotional damages arises from the *manner* in which the automobile was repossessed, not the mere fact of its repossession. Plaintiff might be entitled to assert some tort claim for personal (as opposed to property) injury that allows for recovery of nonpecuniary damages, but he cannot assert the claim for such damages independently, A.R.B. v. Elkin, 98 S.W.3d 99, 104 (Mo. Ct. App. 2003), nor can he "transfer" them to another cause of action that does not allow for their recovery.

3.    The Court has an independent obligation to evaluate its own jurisdiction, and in this case the Court has serious reservations. Plaintiff has not asserted any federal claims, so if jurisdiction is to exist it must be due to the parties' diversity of citizenship and the

involvement of more than $75,000 in controversy. The Court has no doubt the parties are of diverse citizenships; the Court's concern involves the amount in controversy.

The Court cannot simply accept Defendant's representation that more than $75,000 is at stake. Missouri ex rel. Pemiscot County v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995); see also Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (party invoking federal jurisdiction has burden to demonstrate, by preponderance of the evidence, that more than $75,000 is at stake). When punitive damages are relied upon to satisfy the jurisdictional amount, the viability and reasonable recovery of the claim must be examined with extra care. E.g., Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994). If it is legally certain that less than the jurisdictional amount is at stake, the case must be dismissed.

The Court cannot presently conclude Plaintiff is legally certain to recover less than the jurisdictional amount. The Court believes it unlikely, but that is not the standard to be applied. While jurisdiction is to be evaluated at the time of filing and does not depend upon Plaintiff's actual recovery of more than $75,000, further development of the record may demonstrate Plaintiff never had a legal possibility of recovering more than $75,000. See James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 833-34 (8th Cir. 2005). Unless and until that occurs, the case will continue in this forum.

IT IS SO ORDERED.


                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
DATE: October 27, 2005                              UNITED STATES DISTRICT COURT


4